**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARM HOSPITALITY LLC, | Case No.: 2:25-cv-00282-APG-BNW |
| Plaintiff | **Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction and Striking Certificate of Interested Parties** |
| v. | |
| NOHAYIA JAVED and WEST TOWN BANK & TRUST, | |
| Defendants | |

Plaintiff Charm Hospitality LLC filed this action in this court based on diversity jurisdiction. ECF No. 1. A limited liability company like Charm "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Although Charm identified its sole member as Param Kaur, it did not identify Kaur's citizenship. ECF No. 1 at 1. Additionally, Charm does not identify the citizenship of defendant West Town Bank & Trust, and it is not entirely clear whether defendant Nohayia Javed is a Texas citizen merely from the allegation that Javed is licensed in Texas. *See Id.* at 2. As a result, I cannot determine if complete diversity exists. I therefore order Charm to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Additionally, I strike Charm's certificate of interested parties (ECF No. 2) for failure to comply with Federal Rule of Civil Procedure 7.1(a)(2). The certificate does not fully identify Charm's citizenship as required by that rule.

I THEREFORE ORDER that by March 7, 2025, plaintiff Charm Hospitality LLC shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Failure to respond to this order by that date will result in dismissal of the case for lack of subject matter jurisdiction.

I FURTHER ORDER that plaintiff Charm Hospitality LLC's certificate of interested parties (ECF No.2) is STRICKEN. Charm must file a proper certificate of interested parties by March 7, 2025.

DATED this 14th day of February, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE