# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Charm Hospitality, LLC,<br><br>Plaintiff<br><br>v.<br><br>Nohayia Javed, et al.,<br><br>Defendants | Case No. 2:25-cv-00282-RFB-BNW<br><br>**ORDER** |

Before this Court is Defendant Nohayia Javed's Motion to Stay Discovery. ECF No. 35. Defendant West Town Bank joined the motion. ECF No. 38. Plaintiff opposed. ECF No. 39. Defendant Javed replied. ECF No. 40. The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, it will incorporate the arguments as necessary and relevant to this order.

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Rule 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, many judges in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011).

This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3–4. Since 2021, this Court has espoused the view that a more workable analytical framework exists for determining when motions to stay discovery should be granted. *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324 (D. Nev. Oct. 14, 2021). As a result, the test this Court considers is (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly

also play a role in the analysis. In some cases, the merits of the dispositive motion may influence the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Federal Rule of Civil Procedure 1, the court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## II. ANALYSIS

### A. Whether the dispositive motion can be decided without further discovery

First, this Court is uncertain as to whether Defendant Javed's Motion to Dismiss can be resolved on the current record (and without the need for further discovery).

Javed's Motion to Dismiss argues that Plaintiff's legal malpractice claim is "fatally flawed" based on her contention that Javed did not breach her duties to Charm (i.e., Javed did not have any responsibility to advise Charm about a deficiency judgment, there was no conflict of interest, etc.) and that Charm did not suffer resulting damages. She also argues that the fraudulent representation claim fails because the main statement on which the claim depends "is not false." Next, she contends that the conversion and unjust enrichment claims fail because no wrongful act occurred, and she received only amounts owed to her. Lastly, she argues that Charm is not entitled to declaratory relief because there was no conflict of interest.

While these arguments are factually laden, she argues the district court can make the necessary factual findings underpinning her legal contentions by considering unattached evidence on which the complaint necessarily relies. Assuming for purposes of this order that the district court will consider the evidence she relies on, the district court cannot "draw inferences or take notice of facts that might reasonably be disputed." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). At first blush, it appears that several claims require further factual

development. By way of example only, it is not clear that the current record contains *undisputed* facts regarding Javed's responsibilities toward Charm or whether a conflict of interest existed.

### B. Good cause

As explained above, only in the most baseless cases will a brief "peek" at a dispositive motion suffice to "convince" the Court of its outcome. This is not such case. Thus, Defendant Javed cannot establish good cause on that ground. Nor is this Court influenced by Javed's Motion to Dismiss in a way that affects its decision here. Moreover, Javed has not developed any other arguments that would establish good cause other than simply declaring that pursuing discovery will be "costly" and that a grant of the resolution of the pending dispositive motions will "eliminate or strongly narrow the scope of discovery." This, without more, is not sufficient to establish good cause.

## III. CONCLUSION

First, it is unclear whether Javed's Motion to Dismiss can be decided on the record before this Court. In addition, Defendant Javed has not met her burden of showing good cause. Thus, under the guidance of Rule 1, it is more just and appropriate in this case to speed the parties along in discovery. *Tradebay*, 278 F.R.D. at 603.

**IT IS ORDERED** that Defendant's motion to stay discovery (ECF No. 35) is **DENIED**.

DATED: August 26, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE