# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Charm Hospitality LLC, | Case No. 2:25-cv-00282-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Nohayia Javed, et al., | |
| Defendants. | |

Before this Court is Defendant Javed's motion to extend the rebuttal expert and discovery deadlines. ECF No. 91. Plaintiff opposed and Defendant replied. ECF Nos. 93 and 96. The parties are familiar with the arguments. As a result, this Court only includes them as relevant and necessary to this order.

**I.   ANALYSIS**

"The district court is given broad discretion in supervising the pretrial phase of litigation," including in issuing and enforcing scheduling orders. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

This Court finds there is good cause for the requested extension. There are three motions to quash pending before this Court. ECF Nos. 74, 94, and 95. The first one regards documents Defendants are seeking. The remaining two relate to depositions that Defendants wish to take. The discovery process may be impacted based on this Court's orders on the motions referred to above. Moreover, some of the delay surrounding the depositions Plaintiff is seeking to quash involve the currently pending dispute regarding the manner in which the meet and confer process is to take place. Lastly, the extension sought is not particularly long. No trial date is pending, and Plaintiff is not arguing prejudice by the sought extension. Indeed, the exhibits in support of this

request show Plaintiff was in agreement to the sought extension until a disagreement arose over what discovery would be undertaken.[1]

The request for fees is denied as the circumstances would make the award unjust.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Javed's motion (at ECF No. 91) is **GRANTED**.

Discovery Cut-Off: January 30, 2026

Rebuttal Expert Disclosures: January 23, 2026

Dispositive Motions: February 27, 2026

Joint Pretrial Order: March 27, 2026, or 30 days after ruling on dispositive

DATED: December 19, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] While this does not support a showing of good cause, it undermines the strong position Plaintiff now takes.