**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Charm Hospitality LLC,

    Plaintiff,

  v.

Nohayia Javed, et al.,

    Defendants.

Case No. 2:25-cv-00282-RFB-BNW

**ORDER**

Before this Court is Defendant West Town Bank's ("WTB") motion to strike Plaintiff's rebuttal expert, Brian Worthington. ECF No. 111. Defendant Javed joined the motion. ECF No. 119. Plaintiff Charm responded at ECF No. 120, and WTB replied at ECF No. 126. The parties and Court are familiar with the arguments and facts of this case, so this Court only incorporates them as necessary to its order. For the reasons discussed below, this Court grants WTB's motion.

## I. DISCUSSION

### A. Legal Standard

"Expert testimony is admissible pursuant to the Federal Rules of Evidence, primarily Rule 702. Under Daubert, the district court acts as a 'gatekeeper,'" ensuring that expert testimony meets the standards of reliability required under Rule 702. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)) (internal citations omitted). Courts have broad discretion over the discharge of this gatekeeping authority, "not only . . . in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Elsayed Mukhtar v. Calif. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014).

Under Rule 702, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," if the proponent of the testimony demonstrates "that it is more likely than not" that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The standards for admitting expert evidence in a diversity case are matters that fall on the procedural side of the *Erie* divide and therefore are governed by federal law. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 857 (9th Cir. 2019).

### A. Mr. Worthington's opinions are impermissible legal conclusions.

WTB argues that Mr. Worthington, in his expert report, offers nothing more than improper legal conclusions about his interpretations of the insurance policy and the application of NRS 40.455. ECF No. 111 at 3. WTB contends that the interpretation of an insurance policy is purely a question of law and that the effect of a statute is a legal determination reserved for the court. *Id.* at 4–5. WTB further argues that Mr. Worthington fails to identify any industry standard, claims-handling practice, underwriting custom, economic analysis, or empirical methodology in his opinion. *Id.* at 3. Javed joined these arguments. ECF No. 119.

Charm responded Mr. Worthington is "providing insight with respect to the industry standard in applying the facts of this case to the language of the Policy." ECF No. 120 at 5. Charm argues that Mr. Worthington merely applied the facts of this case, which include that WTB failed to obtain a deficiency judgment within the six months mandated by NRS 40.455, to the policy language to conclude that WTB holds no insurable or financial interest in the subject property. *Id.* at 5–6. Charm further argues that Mr. Worthington's opinions should be tested at trial instead of excluded at the admissibility stage. *Id.* at 6.

WTB replies that Charm's argument that Mr. Worthington "merely seeks to explain the industry standards" is patently false because he does not use the term "industry standard" in his report and admitted in his deposition that his opinion did not consider various factual issues such as industry standards or claims handling. ECF No. 126 at 4 (citing Ex. B at 20:4–24, 68:15–70:3). WTB reiterates that interpretation of an insurance policy is a question of law. *Id.*

Expert witnesses cannot opine as to legal conclusions, i.e., an opinion on an ultimate issue of law. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). As for insurance policies, the Ninth Circuit has found that expert testimony "cannot be used to provide legal meaning or interpret the policies as written." *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (citing *Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir. 1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law) and *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898–99 (9th Cir. 1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony)). As for statutes, a court in this district has specifically found that expert testimony which purported to interpret a statute and opine as to whether it was violated was an improper legal conclusion. *Wells Fargo Bank, N.A. v. LaSalle Bank Nat. Ass'n*, No. 2:08-CV-1448 JCM RJJ, 2011 WL 588471, at *2 (D. Nev. Feb. 9, 2011) (citing *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059 (9th Cir. 2008)). Testimony "which articulates and applies the relevant law . . . circumvents the [fact finder's] decision-making function by telling it how to decide the case." *Specht v. Jensen,* 853 F.2d 805 (10th Cir. 1988).

Here, Mr. Worthington opines that WTB is not entitled to receive policy benefits under the insurance policy based on the language in the loss payable provisions endorsement because it no longer has a financial interest in the property. ECF No. 111, Ex. 1 at 13–16. This is a legal conclusion because it improperly interprets the insurance policy. Mr. Worthington further opines that "the 'entire' debt was eliminated, extinguished, and forever barred from collection when the deadline in NRS 40.455(1) elapsed" and that "once the sixth-month deadline in NRS 40.455 passed with no deficiency action, Charm Hospitality's debt to WTB was extinguished and WTB ceased to have any financial interest in the insurance proceeds." *Id.* at 15. Again, this is improper because it applies the relevant law to the facts and draws a legal conclusion regarding extinguishment of the debt. Moreover, Mr. Worthington's opinion is devoid of any discussion on industry standards, claims-handling practice, underwriting customs, etc. Accordingly, Mr.

Worthington's opinion interpreting the insurance policy and applying NRS 40.455 will be stricken.

Because this Court strikes Mr. Worthington's report for the above reasons, it need not consider the parties' arguments as to whether his report is a rebuttal report under Federal Rule of Civil Procedure 26.

### B. Charm's request to strike portions of Mr. Kennedy's report is denied.

On the last page of its opposition, Charm contends that "it would be grossly inequitable to strike Worthington as an expert witness but to then allow Kennedy to testify regarding the same scope upon which Worthington directly rebutted and refuted." ECF No. 120 at 7. Charm cites *Grand Canyon Trust v. Tucson Electric Power Company* for the proposition that "[f]ederal courts are courts of equity with the flexibility to 'mould each decree to the necessities of the particular case.'" 391 F.3d 979 (9th Cir. 2004) (quoting *Hecht Co. v. Bowles,* 321 U.S. 321, 329 (1944)). But Charm fails to explain how this statement, or even the case, supports its request for relief to strike a portion of Mr. Kennedy's report.

In *Grand Canyon Trust*, the Ninth Circuit considered whether the district court properly granted summary judgment on the equitable defense of laches. *Id.* at 989. The court made the above statement with regard to whether laches would be the appropriate vehicle for avoiding inequity of civil fines. *Id.* The court found that "the appropriate time to determine whether it would be inequitable to award civil penalties will be after a resolution on the merits." *Id.* It is unclear how *Grand Canyon Trust* gives this Court authority strike a portion of Mr. Kennedy's report in this case.

In sum, Charm cites a general equity principle but does not identify legal standards governing expert admissibility nor specific opinions by Mr. Kennedy supporting exclusion. Moreover, Charm's request for relief was brought in its opposition. *See Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("As a threshold matter, Defendant may not seek affirmative relief through its Opposition. Courts in this and other districts have concluded that a request for affirmative relief is not proper when

raised for the first time in an opposition.") (collecting cases). This Court denies Charm's request as unsupported and procedurally improper.

## II.     CONCLUSION

**IT IS ORDERED** that WTB's motion to strike Plaintiff's rebuttal expert Brian Worthington (ECF No. 111) is **GRANTED.** Mr. Worthington's report is stricken in full.


DATED: June 11, 2026


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE